IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES COSTA, SR.,

    Plaintiff,

v.                                        CASE NO. 1:03-cv-00179-MP-AK

JO ANNE B. BARNHART
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 18, Objection to Report and Recommendation filed by Plaintiff. United States Magistrate Judge Kornblum's Report recommended affirming the Social Security Commissioner's Final Decision. (Doc. 17). Plaintiff objects to the Report and Recommendation and requests de novo review. Defendant has filed a memorandum in support of the Commissioner's Decision. (Doc. 16). For the reasons stated below, the Social Security Commissioner's Final Decision denying benefits to Plaintiff is affirmed.

**BACKGROUND**

Plaintiff filed two applications under the Social Security Act on October 5, 1999. The first was an application for disability benefits and the second was an application for supplemental security income benefits based on disability. Both alleged a disability onset date of April 1, 1995, because of degenerative disc disease and degenerative joint disease in Plaintiff's lumbar spine. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on January 17, 2001. A supplemental hearing was held on April 2, 2002 and an unfavorable decision was entered on June 11, 2002. Once the Appeals Council denied Plaintiff's

request for review, the decision of the ALJ became the final decision of the Commissioner. Plaintiff then sought review of that decision in this Court. United States Magistrate Judge Kornblum subsequently issued a Report and Recommendation, suggesting that the decision of the Commissioner be affirmed. (Doc. 17).

## DISCUSSION

Plaintiff objects to the Report and Recommendation for the same reasons Plaintiff appealed the decision of the ALJ. First, Plaintiff contends that improper notice was given as to his right to obtain counsel for the hearing before the ALJ and that when notice was finally given at the initial hearing it was faulty. Thus, Plaintiff claims that since the notice was improper, then his signed waiver of counsel was not proper and should be considered invalid. (Doc. 18 at 3). Secondly, Plaintiff states that the failure to be represented at the hearing prejudiced him. (Doc. 18 at 3). Defendant, however, has filed a memorandum in support of the Commissioner's decision, and hence supports the Report and Recommendation of the Magistrate Judge. (Doc. 16). Defendant concedes that notice may have been improper but states that the improper notice was cured at the preliminary hearing when the ALJ informed Plaintiff of his right to obtain representation. (Doc. 16 at 8). Further, Defendant states that Plaintiff has failed to show prejudice as a result of lacking representation. (Doc. 16 at 9).

A. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's recommendation for the disposition of a matter, the district judge is obligated to make a de novo determination upon the record. Fed. R. Civ. Proc. 72(b). In this matter, Title 42 U.S.C. § 405(g) sets forth the standard of review for this Court. The Commissioner's decision must be affirmed if it is supported by substantial evidence

and the correct legal standards have been applied. <u>Graham v. Apfel</u>, 129 F.3d 1420, 1422 (11th Cir. 1997). Furthermore, findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); <u>Miles v. Chater</u>, 84 F.3d 1397, 1400 (11th Cir. 1996). However, the Commissioner's conclusions of law are not presumed valid. <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. <u>Id</u>. (citations omitted).

### B. <u>IMPROPER NOTICE AND WAIVER OF RIGHT TO COUNSEL</u>

A claimant has a statutory right to counsel at a Social Security hearing. 42 U.S.C. § 406. While the right does not rise to a Constitutional level, it is still important that claimants have notice of the right to be represented before a hearing takes place. <u>Clark v. Schweiker</u>, 652 F.2d 399, 403 (11th Cir. 1981). Claimants can waive the right to counsel, 42 U.S.C. § 406, but to do so validly, claimants must have sufficient information to make a knowing decision. <u>See</u> <u>Clark</u>, 652 F.2d at 403. Even if notice of the right to counsel and waiver of that right are both improper, however, in order to find a violation of due process rights, the claimant must also have been prejudiced by not being represented. <u>See</u> <u>Brown v. Shalala</u> 44 F.3d 931, 934-935 (11th Cir. 1995). While the parties disagree as to whether notice given in the instant case was sufficient, Plaintiff and Defendant agree that, absent a showing of prejudice due to lack of counsel, no violation of due process has occurred. (Doc. 18 at 3, Doc. 16 at 9). Therefore, this Court need not address the issues of notice and waiver absent a finding of prejudice.

C. PREJUDICE DUE TO LACK OF REPRESENTATION

In order for this Court to find that the ALJ hearing violated Plaintiff's due process rights such that the case must be remanded, a determination that Plaintiff was prejudiced by his lack of counsel must be found.  Smith v. Schweiker, 677 F.2d 826, 829 (11th Cir. 1982).  "We are concerned not so much with whether every question was asked which might have been asked had [Plaintiff] been represented by an attorney, as we are with whether the record reveals evidentiary gaps *which result in unfairness or 'clear prejudice'."* Id. at 830 (emphasis added) (quoting Ware v. Schweiker, 651 F.2d 408, 413 (5th Cir. 1981)).[1]  The ALJ has a "special duty" to fully develop the record if Plaintiff's right to counsel was not waived or not properly waived.  Clark, 652 F.2d at 404.  This "special duty" requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts."  Cowart v. Schweiker, 662 F. 2d 731, 735 (11th Cir. 1981); Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978); Gold v. Secretary of Health, Education, and Welfare, 463 F.2d 38, 43 (2d Cir. 1972).   This means the ALJ must develop a thorough record which demonstrates a lack of prejudice.  Cowart, at 735.  The primary determination is whether the record has been fully and fairly developed, despite a claimant's lack of counsel.  See Id.

Plaintiff argues that prejudice "can be seen on the face of the record" in the instant case.  (Doc. 18 at 4).  More specifically, Plaintiff alleges four failures by the ALJ to fully develop the record.  First, Plaintiff states that "the record shows little effort by the ALJ to contact Costa's treating psychologists and psychiatrists ...for their longitudinal opinions of Costa's Mental

---

[1] In Bonner v. Pritchard, 661 F.2d 1206 (11th Cir. 1981) the Eleventh Circuit held that cases decided in the Fifth Circuit prior to October 1, 1981 would be binding as precedent on the Eleventh Circuit.

Residual Functional Capacity over time." (citations to record omitted, referring specifically to Dr. Hernandez)(Doc. 14 at 7). Plaintiff does not elaborate on what the likely opinions of Dr. Hernandez might be or how Plaintiff was prejudiced by the omission. Secondly, Plaintiff states that "the record shows little effort by the ALJ to contact Dr. Mhatre for the missing pages of his psychiatric evaluation so that the ALJ would have the benefit of the doctor's diagnosis and multiaxial evaluation of Costa which would include a Global Assessment of Function." (citation to record omitted)(Doc. 14 at 7). It is also alleged by Plaintiff that "the record shows little effort by the ALJ to contact Dr. De Paz and request a Physical Residual Capacity Evaluation of Costa in light of the doctor's opinion of record, that as of May 14, 2001 Costa was 100% disabled for work purposes." (citation to record omitted)(Doc. 14 at 7-8). Finally, Plaintiff argues that the ALJ did not follow through on recommendations given in Dr. Valenstein's consultative evaluation. (Doc. 18 at 4).

While Plaintiff argues the record is prejudiced on its face, the matter does not appear so clear to this Court. First, the record shows that the ALJ explained to Plaintiff, more than once, the need to have any and all records from Dr. Hernandez sent to help fully develop the record. (Tr. 92-93, 98-100). Furthermore, the records from Dr. Hernandez were ultimately obtained (R. 327-45) and considered by the ALJ (R. 26-27, 29-30). While it does not appear that a longitudinal opinion as to Mental Residual Functional Capacity over time was obtained from Dr. Hernandez, the ALJ explained in his decision that the objective evidence in Dr. Hernandez's records could not support a conclusion that Plaintiff would be totally unable to work. (R. 33). Secondly, although it appears that pages from Dr. Mahtre's report were missing from the record, the ALJ's decision references Dr. Mahtre's diagnoses and Global Assessment of Function (GAF)

for Plaintiff. (R. 24). Even though this information was not included in the information from Dr. Mahtre in the record (See R. 212-14) the ALJ must have had the full report in order to know Plaintiff's diagnoses and GAF. The record also contains voluminous records from Dr. DePaz (R. 303-15, 321-26) including two Physical Functional Assessments (R. 314, 326). These records were considered by the ALJ and discussed in his decision. (R. 25-28, 32). The ALJ specifically mentions the doctor's opinion of record referenced by Plaintiff (Doc. 14 at 7) in his decision and discredits the opinion as unsupported by Dr. DePaz's own clinical records. (R. 32).

Plaintiff's final argument, that the ALJ failed to follow through on the recommendations of Dr. Valenstein, and thus prejudiced Plaintiff, is somewhat misleading. Dr. Valenstein's first recommendation, which Plaintiff quotes (Doc. 17 at 4), is "for a more accurate test result, the test should be re-administered." The entire paragraph preceding that statement, however, explains that the test given may be invalid because Plaintiff "endorsed items in a manner that suggests an element of exaggeration of complaints and problems," and that "some deliberate distortion of the clinical picture may be present." (R. 317). If anything, this implies that a "more accurate test" would show Plaintiff's problems are not as bad as he says. The other recommendations from Dr. Valenstein simply state that for more detail on Plaintiff's mental health and medical history, Plaintiff's records should be obtained. (R. 318). It is obvious from the more than 500 pages in the record, that the ALJ had already obtained sufficient detail on Plaintiff's medical and mental health history. While it appears that Dr. Valenstein's recommendations were not specifically acted upon by the ALJ, the report was discussed in full in the ALJ's decision and any inaction was because it was unnecessary to obtain again what the record already contained. (R. 27).

## CONCLUSION

Plaintiff objects to the Report and Recommendation of the Magistrate Judge stating that he was given improper notice of his right to counsel, rendering his waiver invalid, and was prejudiced by the lack of representation at the hearings before the ALJ.  This Court does not need to make a determination on whether notice was properly given or whether the right to counsel was properly waived because Plaintiff has not shown that he was prejudiced by the lack of representation.  Assuming Plaintiff is correct, the ALJ had a special duty to fully and fairly develop the record because Plaintiff was not represented at the hearings.  The ALJ did that.  The record contains just over 500 pages, almost all of them Plaintiff's medical and mental health records and evaluations.  The ALJ specifically addressed each doctor's findings in his decision.  There is no evidence that the ALJ did not use all of the evidence in the record in developing his opinion.  The ALJ consistently advised Plaintiff of medical treatment he should seek to more fully develop the record as well as ensure that all treating doctors' records were obtained.  Plaintiff was able to find four things he believes the ALJ could have done differently.  But at no point has Plaintiff been able to show any gap that could be deemed to have resulted in unfairness.  Having found no prejudice to the Plaintiff, the Court finds there was no violation of due process.

**ORDERED AND ADJUDGED:**

(1) The Report and Recommendation of Magistrate Judge Kornblum (Doc. 17) is adopted and incorporated by reference herein.

(2) The decision of the Commissioner, denying benefits to Plaintiff, is AFFIRMED.

**DONE AND ORDERED** this __6th__ day of July, 2005.

<u>      *s/Maurice M. Paul*          </u>
Maurice M. Paul, Senior District Judge

*Case No: 1:03-cv-00179-MP-AK*